## ATLANTIC COAST LINE RAILROAD CO. *v.* MORGAN.

No. 13211.   APRIL 9, 1940.

*H. F. Rawls* and *Wilson, Bennett, Pedrick & Bennett,* for plaintiff in error.

*W. C. Parker* and *W. A. Wood,* contra.

GRICE, Justice.   The record before us contains only a copy of the motion in arrest, the general demurrer thereto, and the order sustaining the demurrer and dismissing the suit. From the record, aided by the bill of exceptions, it appears that Mrs. Morgan, at that time a minor, had through her father or next friend brought suit for personal injuries against the railroad company, which resulted in a recovery of one thousand dollars. The present suit was in equity, praying that the judgment be set aside because obtained by fraud. The motion recites that it appears upon the face of the record that the plaintiff in her suit made the following allegations and admissions, to wit: "Petitioner was injured and damaged by the negligence of said defendant railroad company, in the just and full sum of three thousand ($3,000.00) dollars. Said defendant railroad company having, however, paid to petitioner's father and next friend said sum of $1,000.00 as aforesaid, petitioner, in order to do perfect equity, hereby consents and agrees that if said judgment heretofore entered be set aside as

hereinafter prayed, and if judgment against said defendant railroad company be entered in her behalf for the sum of three thousand ($3,000.00) dollars as hereinafter prayed, then said judgment shall be immediately credited, by direction of the court, with said sum of $1,000.00 heretofore paid as aforesaid. The facts hereinbefore alleged, coupled with the fact that said defendant railroad company paid only the sum of $1,000.00 to satisfy a just and lawful claim in the sum of three thousand dollars was and is a legal fraud upon petitioner, and the judgment aforesaid should be set aside with the understanding that the amount heretofore paid to petitioner's said father shall be credited as hereinbefore set forth." Paragraph (c) of the prayer of the last suit was as follows: "That petitioner have verdict and judgment against the defendant, Atlantic Coast Line Railroad Company, for the sum of three thousand ($3,000.00) dollars, the same to be credited by proper direction and decree of the court with the sum of $1,000.00, as hereinbefore set forth." The motion to set aside recites that the jury in the second case found for the plaintiff in the sum of one thousand dollars. The prayer of the motion is that, "defendant, Atlantic Coast Line Railroad Company, moves in arrest of said judgment, and prays that said judgment be arrested to the extent of having placed thereon by direction of the court such credit of one thousand ($1,000.00) dollars."

Indulging the presumption that prevails in favor of the correctness of verdicts and the legality of judgments, we must, at least for the purposes of this case, assume that the defendant in error had a right to have set aside the former judgment on the ground of fraud. It is true that the motion states that it is recited that in the former suit the railroad company paid to petitioner's father and next friend the sum of one thousand dollars, but there does not arise under this record any issue as to whether that fact would prevent her from setting aside the former judgment, or, in and of itself, would compel her to credit that sum on the judgment obtained in the present suit; but the sole point is made that in view of the allegation in her petition as to the recovery and payment of this thousand dollars by the company, and her offer in connection therewith, it is entitled to have the judgment in the second case arrested to the extent of having placed thereon by direction of the court a credit of a thousand dollars. Waiving any question as

to whether plaintiff in error has pursued its proper remedy, its right to have the credit placed on the judgment is to be determined by a proper construction of that part of the petition of the defendant in error, wherein mention is made of her consent to have the judgment credited. Her statement is, not that she would in all events consent to have the judgment sought by her credited with the sum stated, but only that "if said judgment heretofore entered be set aside as hereinafter prayed, and if judgment against said defendant railroad company be entered in her behalf for the sum of three thousand ($3,000.00) dollars as hereinafter prayed, then said judgment shall be immediately credited, by direction of the court, with said sum of $1,000.00 heretofore paid as aforesaid." Neither the verdict nor the charge of the court is before us, but the jury may have had in mind that she was entitled to two thousand dollars as damages, and, having set aside the other judgment, have found in her favor one thousand dollars in the instant case, knowing that the amount of their finding, plus the other one thousand dollars, would give her the amount to which her injuries entitled her. We find no error in the judgment dismissing on general demurrer the motion in arrest.

*Judgment affirmed. All the Justices concur.*